## DELVALLEY v. UNITED STATES.

No. 6085.

Circuit Court of Appeals, Seventh Circuit.

March 5, 1937.

John G. Friedmeyer, of Springfield, Ill., for appellant.

Howard L. Doyle, U. S. Atty., and Marks Alexander, Asst. U. S. Atty., both of Springfield Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BALTZELL, District Judges.

BALTZELL, District Judge.

On June 9, 1936, an indictment in eight counts was returned by the grand jury in and for the Southern Division of the Southern District of Illinois, wherein appellant and one Arlie Tender were charged with the violation of section 588b, title 12 U.S.C.A. The particular provision of the statute which they are charged with having violated is as follows:

"§ 588b. *Robbery of bank; assault in committing or attempting to commit bank robbery*

"(a) Whoever, by force and violence, or by putting in fear, feloniously takes, or feloniously attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

"(b) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not less than $1,000 nor more than $10,000 or imprisoned not less than five years nor more than twenty-five years, or both." (48 Stat. 783.)

Appellant and Tender were tried together to a jury and each convicted on July 3, 1936. Upon motion of appellant, he was granted a new trial and again tried to a jury, convicted, and sentenced on November 2, 1936. From this conviction and sentence, he is prosecuting this appeal.

On March 6, 1936—the day upon which the attempted robbery occurred—the First National Bank of Springfield, Ill., hereinafter referred to as the bank, was a national banking institution, a member of the Federal Reserve Bank of Chicago, and an insured bank, as defined in subsection (c) of section 264, title 12 U.S.C.A. About 10:30 o'clock a. m. on that day, R. K. Tietze, chief teller of the bank, accompanied by Walter Hagler, building superintendent of the bank and a deputy sheriff, started to the post office for the purpose of mailing a package which Tietze carried containing $40,000 in currency to the Federal Reserve Bank of Chicago. The currency was contained in a canvas bag, sealed, addressed, and ready for mailing. Tietze and Hagler proceeded to walk to the post office along a public street of Springfield, Tietze being a few feet in advance of Hagler, who was acting as a guard. As they approached the main west entrance to the post office, they were accosted by two men who attempted to take the package from them. In fact, the package was taken from Tietze and dropped upon the sidewalk, but was afterwards recovered intact by him. Hagler resisted and attempted to prevent a robbery. Several shots were fired, some by Hag-

ler and some by one of the robbers who was afterwards identified as Alphonse Delvalley, a brother of appellant. Two persons only were identified by those present as actually participating in the robbery, Tender and Alphonse Delvalley, the latter of whom was fatally shot and died two days later. Appellant was not recognized·by the teller, the guard, nor by any of the bystanders as being present and actually participating in the robbery. The greater portion of the evidence upon which he was convicted was contained in the testimony of Tender.

■ The assignment of errors contains ten separate specifications, each of which is in general terms, and neither of which challenges the serious consideration of the court. One specification challenges the correctness of certain instructions of the court, but the record discloses no exceptions to the charge. On the contrary, it was announced by the attorney for appellant, before the retirement of the jury, that he had no exceptions. It appears that the principal assignment, and the one upon which appellant most strongly relies, is that the evidence is insufficient to establish his guilt beyond a reasonable doubt. This question is not properly preserved, as the record shows no motion for a directed verdict at the conclusion of all the evidence. Such a motion was made at the conclusion of the government's evidence, denied, no exception, and was not thereafter renewed. However, in order that justice may be done, we have examined the entire record.

■ Appellant challenges the competency or sufficiency of the testimony of Arlie Tender, an accomplice, to sustain his conviction. It may be said that much of the evidence involving appellant is contained in Tender's testimony; however, there are some corroborating facts and circumstances. Appellant, his brother, Alphonse, who was fatally injured in the attempted robbery, and Tender were friends and associates for many years. They had been together the evening before the attempted robbery in Danville, Ill., until 10:30 o'clock. The mere fact that Tender was an accomplice does not mean that he is incompetent to testify or that he did not tell the truth. He was a competent witness, and the weight and credit to be given to his testimony was a question for the jury. The trial court properly instructed the jury upon this question and admonished it that his testimony was "to be viewed with caution" in determining the weight and credit to be given to it. In considering the question of the testimony of an accomplice, this court, in the case of Allen v. United States, 4 F.(2d) 688, 690, said: "Another rule which can not be ignored in cases of this kind where the appellate court is asked to review the testimony to ascertain whether any evidence may be found to support the verdict, relates to the testimony of accomplices. However bitterly such testimony may be assailed before the jury, the fact remains that it alone may support a verdict. Caminetti v. United States, 242 U.S. [470] 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas. 1917B, 1168; United States v. Heitler (D. C.) 274 F. 401. Upon appeal its weight or credibility is not involved. Whether they, or any of them, were moved by revenge or any other unworthy motive, whether they told the truth in part or in whole, was for the jury to determine." Tender, in his testimony, details the movements of appellant during the forenoon of the robbery, beginning at the time at which he says he left Danville with appellant and his brother, Alphonse, for Springfield, about 6 o'clock that morning, in the automobile belonging to appellant. He further testified that appellant drove in front of the post office, parked double, and was there for the purpose of providing them a means of escape at the time of the attempted robbery and shooting. According to his testimony, the three of them had made other trips to Springfield prior to March 6 for the purpose of inspecting the surroundings, the bank, the roads for escape, etc., and that appellant and his brother did make such inspection. Without further reviewing his testimony, it is sufficient to say that it alone, if believed by the jury, will support its verdict.

■ Appellant also offered testimony tending to support an alibi. In rebuttal, the government offered substantial testimony tending to contradict the testimony of appellant and his witnesses upon that subject. This was a question of fact for the jury to determine, and its finding thereon cannot be disturbed by this court.

We find no errors in the record, and there being substantial evidence to support the verdict of the jury, the judgment of the District Court is affirmed.